```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION


ELMORE NICHOLS,                    :

       Plaintiff,                  :

vs.                                :    CIVIL ACTION 04-0065-BH-M

BOB RILEY, et al.,                 :

       Defendants.                 :
```

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983.[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is before the Court on Plaintiff's Motion for Class Certification and the Appointment of Class Counsel (Doc. 45). After careful review of the file in this action, the undersigned finds that Plaintiff's action is now moot and recommends that it be dismissed without prejudice for lack of jurisdiction.

---

[1] Another inmate filed this action with Plaintiff, but he was dismissed from this action (Doc. 12), because the Prison Litigation Reform Act did not contemplate two inmates proceeding *in forma pauperis* in one action. *Hubbard v. Haley,* 262 F.3d 1194, 1198 (11th Cir.), *cert. denied,* 534 U.S. 1136 (2002). The dismissed Plaintiff filed his own action, which is still pending on the Court's docket, *Roy Lee Miller v. Bob Riley, et al.,* CA 04-0622-KD-B.
   Furthermore, Plaintiff initially filed a Motion to Proceed Without Prepayment of Fees and was ordered to pay a partial filing fee. (Doc. 17)  Instead, Plaintiff paid the full $150 filing fee. (Doc. 19)

I. <u>Nature of Proceedings</u>.

Plaintiff filed a section 1983 complaint against Alabama's governor and prison commissioner, the warden of Fountain Correctional Center (hereinafter "Fountain"), and Alabama's State Fire Marshal for "a Declaratory Judgment and Injunctive Relief pursuant to 28 U.S.C. §§ 2201 and 2202, for the unconstitutional conditions of confinement at the G. K. Fountain Correctional Center, to-wit: severe overcrowding; inadequate living space; inadequate staff and security; unscreened windows; violence; deficient fire safety readiness and an insufficient evacuation plan; an insufficient number of sinks, toilets, showers, and urinals to meet the basic physical needs of the inmates housed in each dormitory; extreme exposure to environmental tobacco smoke (ETS or second hand smoke); an inadequate law library and an insufficient amount of space/room to study and write; an inadequate number of medical staff to meet the needs of the severely overcrowded inmate population; inadequate health care; inadequate ventilation systems; inadequate sanitation and hazardous conditions; the physical plant of the facility is dilapidated; and an intolerable risk of physical harm to which the Plaintiff[], and all other similarly situated, are exposed at the G. K. Fountain Correctional Center...." (Doc. 1, attachment, at 1)

For relief, Plaintiff requests the Court to issue a

Declaratory Judgment declaring that Defendants subjected to him cruel and unusual punishment in violation of the Eighth Amendment, and to issue an injunction requiring Defendants to limit the inmate population at Fountain to design capacity; to provide specific space per inmate in the dormitories; to provide adequate security and guards in Fountain's dormitories; to place screens on all windows, to replace broken windowpanes; to install fire and smoke alarms, automatic sprinklers, and smoke exhaust fans in Fountain's dormitories and throughout the facility; to order the development of proper evacuation plans and compliance with governmental regulations and codes; to prohibit smoking inside Fountain as required by regulation; to designate smoking areas for smokers other than inside Fountain; to stop the sales of tobacco products at Fountain; to make current the Federal Reporters and Federal Supplements and prohibit their discontinuance from the Fountain law library; to submit a plan to the Court to provide adequate law library space to study and write; to provide an adequate number of physicians and nurses to meet the needs of Fountain's inmate population; to provide adequate health and dental care to the inmates at Fountain; to upgrade the ventilation system and physical facilities at Fountain; to provide an adequate number of sinks, toilets, showers, and urinals to accommodate the inmate population; and to remedy all constitutional violations related to Plaintiff's

claims.  Plaintiff also seeks a reasonable attorney's fee under 42 U.S.C. § 1988 and costs.  (*Id.* at 25-28)

II.  <u>Analysis</u>.

In reviewing the complaint's request for class certification (*id.* at 22-25) and Plaintiff's subsequent Motion for Class Certification (hereinafter referred to jointly as "Motion") (Doc. 45), it is apparent that the basis of the Court's subject matter jurisdiction needs to be examined.  This is based on Plaintiff requesting only declaratory and injunctive relief in his complaint (Doc. 1, attachment, at 1) and Plaintiff's return address reflecting that Plaintiff has been transferred from Fountain to Easterling Correctional Facility (Doc. 45) (hereinafter "Easterling"), with the Court verifying with the Alabama Department of Corrections' website that Plaintiff is, in fact, incarcerated at Easterling.

Every federal court has the duty to examine its jurisdiction and to dismiss an action where jurisdiction is lacking.  *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 73, 117 S.Ct. 1055, 1071 (1997); *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189, 56 S.Ct. 780, 785 (1936); *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1335 (11th Cir. 2001); *Barnett v. Bailey,* 956 F.2d 1036, 1039 (11th Cir. 1992).  "Article III of the Constitution limits the jurisdiction of the federal courts to the adjudication of certain 'Cases' and 'Controversies.' U.S.

CONST. ART. III, 2. The doctrine of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer,* 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar,* 273 F.3d at 1336.

"Equitable relief is a prospective remedy, intended to prevent future injuries." *Adler*, 112 F.3d at 1477. For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.; Church v. City of Huntsville,* 30 F.3d 1332, 1337 (11th Cir. 1994) ("Logically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.'" (citation omitted)). "Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects." *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir. 1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)).

In regard to declaratory relief, mootness is determined by the facts of the action. *Golden v. Zwicker,* 394 U.S. 103, 108, 89 S.Ct. 956, 959 (1969). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 108, 89 S.Ct. at 959-60.

In the context of a § 1983 action filed by a prisoner, such as this, the law is settled that a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *See, e.g., Spears v. Thigpen,* 846 F.2d 1327, 1328 (11th Cir.) ("{A]n inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred."), *cert. denied,* 488 U.S. 1046 (1989); *Wahl,* 773 F.2d at 1173 ("{A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

In *Spears, supra*, an Alabama prison inmate filed a § 1983 complaint for declaratory and injunctive relief alleging that West Jefferson's administrative segregation's conditions of confinement were less desirable than other institutions'

6

segregation units.  After he filed the complaint, the inmate was transferred from West Jefferson to another institution that had better facilities.  On account of his transfer, the inmate's claims for injunctive and declaratory relief were found to be moot and subject to dismissal.  *Spears,* 846 F.2d at 1328.

In the action at hand, Plaintiff's return address on his Motion for Class Certification and the Appointment of Class Counsel (Doc. 45) and his subsequent filings (Docs. 46, 48, 50, 52, 54, 55, 56) reflect that he has been transferred from Fountain to Easterling.  There is no indication that Plaintiff will be returned to Fountain, much less be returned in the immediate future.  "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by an continuing, present injury or real and immediate threat of repeated injury."  *Cotterall v. Paul,* 755 F.2d 777, 780 (11th Cir. 1985).  And there is absent in this action "any continuing, present injury or real and immediate threat of repeated injury" to Plaintiff.  *See Id.* (finding that a transfer of the plaintiff back to the Coffee County Jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).  Therefore, the undersigned finds that this action is moot.

Even though this action has been rendered moot by

Plaintiff's transfer away from the conditions about which he complains, there is also pending Plaintiff's Motion for Class Certification.  (Docs. 1 & 45)  However, "the claim of the named plaintiff, who seeks to represent the class, must be live both at the time he brings suit and when the district court determines whether to certify the putative class.  If the plaintiff's claim is not live, the court lacks a justiciable controversy and must dismiss the claim as moot."  *Tucker,* 819 F.2d at 1035 (affirming the dismissal of a juvenile inmate's claims for injunctive and declaratory relief based on the conditions of confinement for juveniles at the Lauderdale County Jail and the denial of the request for class certification, which was filed two years after the juvenile inmate's release and after he was longer considered a juvenile, as the claims for injunctive and declaratory relief were moot).  Because Plaintiff's claims for injunctive and declaratory relief are moot, Plaintiff's request for class certification is due to be denied.

III.  <u>Conclusion</u>.

Accordingly, for the reasons set forth above, the Court finds that Plaintiff's action is now moot.  Because there is no present case or controversy to support the Court's jurisdiction over this action, Plaintiff's action is due to be dismissed

without prejudice for lack of jurisdiction.[2]

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
>
> A magistrate judge's recommendation cannot be appealed to a

---

[2] In *Wahl,* 773 F.2d at 1174, the Eleventh Circuit concluded that a dismissal without prejudice would allow the plaintiff to re-file his claims in the event he is returned to the institution about which he complained.

9

Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 8th day of December, 2006.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE